IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JAMES DAVIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 3273 |
| | ) |
| **WORLD CREDIT FUND I, LLC and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Davis filed this lawsuit against defendants World Credit Fund I, LLC ("WCF") and Blatt, HasenMiller, Leibsker & Moore, LLC ("Blatt") seeking relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and for malicious prosecution under Illinois law. Plaintiff has moved for summary judgment on counts V and VI (under the FDCPA) and to strike certain portions of plaintiff's statement of material facts; defendants have moved for summary judgment on all claims. Defendants' motion is granted in part; plaintiff's motions are denied.

I.

In July 2005, defendants filed a suit against plaintiff in Illinois state court to collect an alleged debt. WCF had obtained all rights, title, and interest in the alleged debt from Portfolio Group Investors, LLC, which had purchased a defaulted credit card

issued to Davis by Citibank from Unifund CCR Partners ("Unifund"). Blatt was retained by WCF to collect the debt. Plaintiff hired attorneys and incurred costs in order to defend the suit. He filed a motion to dismiss, which the Circuit Court of Cook County granted. Defendants were given leave to file an amended complaint. Months later, defendants voluntarily dismissed the suit. Plaintiff filed the present lawsuit alleging defendants violated §§ 1692g, 1692e(2)(A), 1692f(1) of the FDCPA and malicious prosecution.

## II.

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Steen v. Myers*, 486 F.3d 1017, 1021 (7th Cir. 2007) (citing FED. R. CIV. P. 56(c)). If the moving party meets this burden, the non-moving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006) (citing FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990)). The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). I must construe all facts in the light most favorable

to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### III.

Count I alleges a violation of § 1692g(a) of the FDCPA, which requires debt collectors provide the consumers with a written notice ("the validation notice") advising them of their right to dispute and seek verification of a debt within five days of their initial communication. Defendants move for summary judgment on count I on the ground that Blatt sent an initial demand letter to Davis on April 7, 2005 — three months prior to filing suit. In support, defendants submit an affidavit by Kenneth Wake, a partner at Blatt, attesting that the firm's computer system sent a standardized initial demand letter which contained the required FDCPA validation notice to the address where plaintiff was later served with the lawsuit. Attached to Wake's affidavit are the notes on plaintiff's account, which state that an initial demand letter was sent on April 7.

I find there is a triable issue with respect to count I. Wake's affidavit does not explain whether the account notes are automatically generated by the computer or subsequently added by individuals, or their degree of accuracy. Therefore, even though the account notes contain this entry, it is impossible to discern whether this is, in fact, accurate. I cannot infer, based on the self-serving affidavit of the law firm's partner, that the account

notes are foolproof or any more credible than plaintiff's testimony. Plaintiff testified at his deposition that he never received such a letter, but that he did receive notice of the suit which he proceeded to contest in a timely manner. When all this is viewed in the light most favorable to plaintiff, summary judgment must be denied on count I.

Counts II and III of the complaint allege defendants violated the FDCPA by seeking to collect a debt from plaintiff in state court that was not owed. The FDCPA prohibits debt collectors from making "false representations of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and using "unfair or unconscionable means to collect or attempt to collect any debt ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Plaintiff alleges he owed no such debt, therefore defendants' collection attempts violate both of these FDCPA provisions.

Defendants argue that Davis owes the debt at issue and that the undisputed facts establish the debt. In support, they submit affidavits from a Citibank employee and from Unifund, which initially purchased the account from Citibank, as well as the Citibank statements sent to plaintiff in the year 2000. Plaintiff has not provided evidence to the contrary or that sets forth a material issue of fact in light of the Citibank account

4

statements.[1]  Accordingly, the motion for summary judgement is granted as to counts II and III.

Defendants also move for summary judgment on plaintiff's malicious prosecution claim. To prevail on a malicious prosecution claim under Illinois law, a plaintiff must prove "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921-22 (7th Cir. 2001) (citing *Swick v. Liautaud*, 169 Ill.2d 504, 662 N.E.2d 1238, 1242 (Ill. 1996)).

Defendants argue plaintiff cannot establish the absence of probable cause. In a civil malicious prosecution claim, probable cause is defined as "such a state of facts as would lead a person of ordinary caution and prudence to believe that he has a justiciable claim to prosecute against the defendant." *Knox County v. Midland Coal Co.*, 265 Ill. App. 3d 782, 783, 640 N.E.2d 4, 8 (Ill. App. Ct. 1994) (quoting *Hulcher v. Archer Daniels Midland Co.*, 88 Ill. App. 3d 1, 4, 409 N.E2d 412, 415 (Ill. App. Ct. 1980)

---

[1]Plaintiff moves to strike the affidavit by the Citibank employee on the ground that this witness was never disclosed. This is not accurate as defendant's disclosures list "unidentified Citibank representatives" and the affidavit serves simply to authenticate the account statements. Accordingly, the motion to strike is denied.

5

(quotation marks and alterations omitted)). Plaintiff opposes summary judgment on the ground that Krista Henry, the WCF employee who signed the affidavit of indebtedness attached to the underlying complaint attesting that he owed over $3,085.42 which was not subject to any setoffs or counterclaims, testified in her deposition that she had no personal knowledge to that effect. Therefore, according to plaintiff, there is a question of fact as to whether defendants had enough evidence of an account stated in order to have probable cause.

Defendants have established the existence of probable cause at the time they filed the underlying suit. WCF was in possession of account portfolios, which included Davis', originating from Citibank. Plaintiff also admits that the information received by WCF regarding Davis' Citibank account indicated payments had been made on the account as late as December 2000 and his credit card was cancelled (either by Citibank or plaintiff) in April 2001. This is enough to establish probable cause to file the underlying suit, as it is a state of facts which reasonably suggest plaintiff owed the alleged debt. Accordingly, the motion for summary judgment on count IV is granted.

Finally, the parties have filed cross-motions for summary judgment on plaintiff's claims under §§ 1692e(2)(A) and 1692f(1) of the FDCPA based on the date the suit was filed. The issue is whether defendants attempted to collect the debt outside the

6

statute of limitations. The parties dispute whether the underlying suit was subject to a 5 or 10 years statute of limitations based on whether the action was on a written or unwritten contract. *See* 735 ILCS §§ 5/13-205 and 5/13-206. However, because I find defendants' underlying suit was timely even under the shorter limitations period, I need not determine which specific statute of limitations applies.

Under Illinois law, "[i]t is clear that part payment of a debt tolls the statute of limitations such that it commences to run from the date of last payment." *St. Francis Medical Ctr. v. Vernon*, 217 Ill. App. 3d 287, 289, 576 N.E.2d 1230, 1231 (Ill. App. Ct. 1991) (citing *Dep't of Mental Health v. Mitchell*, 25 Ill. App. 3d 988, 991, 324 N.E.2d 94, 96 (Ill. App. Ct. 1975)); *see also Parkis v. Arrow Financial Servs.*, No. 07 C 410, 2008 WL 94798, at *6 (N.D. Ill. Jan. 8, 2008) (Coar, J.) ("five year statutory period [for unwritten agreements] commences with either the charge off date or the last date of payment"); *Chase v. Bramhall*, 343 Ill. App. 171, 175-76, 98 N.E.2d 529, 531-32 (Ill. App. Ct. 1951). Here, plaintiff does not dispute he made a payment towards the balance on his Citibank account on December 15, 2000 and that the underlying suit was filed by defendants on July 27, 2005. This is within the five year statute of limitations. *See, e.g., St. Francis*, 217 Ill. App. 3d at 289, 576 N.E.2d at 1231. Plaintiff's attempts to distinguish *St. Francis* are unavailing because the court did not

7

limit its finding based on the existence of both a written and an oral contract, and neither does its cited case law. An account stated is a type of contract and thus subject to the same limitations period. *See Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc.*, 218 F. Supp. 2d 974, 979 (N.D. Ill. 2002) (an account stated "is merely an alternate theory for proving the same damages asserted in a breach of contract claim"); 29 WILLISTON ON CONTRACTS § 73.55 (4th ed. 2007). Plaintiff provides no case law distinguishing an account stated for purposes of the tolling of the statute based on a payment by a debtor. Accordingly, defendants' motion for summary judgment on counts V and VI is granted.

IV.

For the foregoing reasons, defendants' motion for summary judgment on counts II-VI is granted, their motion for summary judgment on count I is denied, and plaintiff's motion for summary judgment on counts V and VI is denied. Plaintiff's motions to strike are denied as moot, for I did not rely on statements which did not comply with the local rules.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 9, 2008

8